NORTH MISSOURI RAILROAD COMPANY, Respondent, *v.* JAMES H. WHEATLEY, Appellant.

1. *Evidence — Bond — Testimony touching, at date of.* — In suit on a bond, statements of the principal at the date of its execution, in the absence of plaintiff or his agent, are inadmissible.

*Appeal from Audrain Circuit Court.*

*Forrest & Smart,* for appellant.

*Orrick & Emmons,* and *McKeag,* for respondent, cited Howard v. Coshow, 33 Mo. 118; Wells v. Pike, 31 Mo. 590; Atkinson v. Nicholson, 31 Mo. 489.

WAGNER, Judge, delivered the opinion of the court.

The defendant Wheatley executed his bond to the plaintiff, with Thorn and Leonard as his sureties, to secure the faithful performance of his duties as station agent at the town of Mexico. Suit was brought upon this bond, and the breaches assigned were that Wheatley had failed to account for and pay over certain money which he had collected for plaintiff.

The trial was by the court sitting as a jury, and the court found as a fact that Wheatley, during the period covered by the bond, had collected, kept, and refused to account for the sum of

$388.33 of the money belonging to the plaintiff, and accordingly gave judgment for that amount against the defendants.

There are two grounds insisted upon to reverse the judgment of the court below. The first is that the court erred in rejecting testimony, and the second is that the court improperly refused to give instructions asked for by defendants. The evidence rejected was that of Leonard, one of the defendants, and surety on the bond, who proposed to detail the statements of Wheatley at the time the bond was executed. That the court acted properly in excluding this evidence will not admit of a single doubt. At the time the conversation took place, no one was present but Wheatley and the two sureties. The plaintiff was not there, nor any one acting in its behalf, and it would be singular if it could be bound under such circumstances. In addition to this, the evidence, if it had been received, would have constituted no defense to the plaintiff's action. The instructions asked and refused were to the effect that if, at the time the bond was executed, the defendant Wheatley was a defaulter, and that fact was known to the plaintiff and concealed from the sureties, they were not liable. These instructions were rightly refused, if for no other reason, because there was no evidence whatever to sustain them.

Judgment affirmed. The other judges concur.